## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 23 2018, 10:05 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kurt A. Young
Nashville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Matthew B. MacKenzie
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Eric Reed Johnson, Sr.,<br>*Appellant-Defendant*,<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff*. | January 23, 2018<br><br>Court of Appeals Case No.<br>49A02-1708-CR-1855<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Christina R. Klineman, Judge<br><br>Trial Court Cause No.<br>49G17-1704-F6-12280 |

**Brown, Judge.**

[1]     Eric Reed Johnson, Sr., appeals his conviction for strangulation as a level 6 felony. Johnson raises one issue which we revise and restate as whether the evidence is sufficient to support his conviction. We affirm.

*Facts and Procedural History*

[2]     On April 1, 2017, Johnson was at the apartment of Lori Harris while she went out to eat with a friend. Johnson and Harris had met using a dating site just before Christmas and he stayed at her home sometimes. Harris returned home and slept on the couch. The following morning, Johnson asked Harris what was going on, and Harris told him that things were not fine and asked him if he remembered telling her that, if she did not feel comfortable, she could take him back to the house of a woman with whom he used to stay. Johnson became upset, stated he "was sick and tired of women always doing this to him because he doesn't have a car." Transcript Volume 2 at 9. Harris asked Johnson if his mother would appreciate him saying that and later if his son would respect him like this, and Johnson said "[d]on't you dare ever mention my son" and struck Harris on the side of her face. *Id*. at 10. Harris felt extreme pain and "thought something broke in there." *Id*. Johnson stated "I'll shut your mouth" and forced an entire cigar into Harris's mouth and broke and crumbled it in her mouth. *Id*. at 13. He also said that he would shatter her teeth.

[3]     Harris went into the bedroom, started to remove Johnson's things from a dresser, and told him that she wanted him to leave, and Johnson told Harris not to touch his stuff and pushed her on the bed. Harris then exited the bedroom

and went toward the front door. At some point, Johnson said "[y]ou're not going anywhere until we get this straightened out, and I'm not going anywhere either." *Id*. at 14. Johnson grabbed Harris, placed his arm around her neck from behind her, and started to choke her. It was difficult for Harris to swallow or breathe and she urinated on herself and "everything was going black." *Id*. at 12. She ended up on the ground. Johnson said "[y]ou're not gonna [] do this to me." *Id*. at 13. He smacked her with his foot on the side of her leg. At some point, Johnson left the apartment, and Harris drove to the hospital where photographs were taken of her injuries.

[4] On April 6, 2017, the State charged Johnson with strangulation and confinement as level 6 felonies and domestic battery and battery resulting in bodily injury as class A misdemeanors. The court held a bench trial at which it heard testimony from Harris, Johnson, and the police officer who took an initial report from Harris and admitted photographs of her injuries taken at the hospital. Harris testified that she had been diagnosed with leukemia in August of 2016, that treatment had stopped and she was in remission as of April 1, 2017, and that her injuries as depicted in the admitted photographs were caused by Johnson and not by leukemia.

[5] Johnson testified that "the whole thing predicated on a sexual encounter and then it escalated into a bit of both of our pasts and drugs were involved." *Id*. at 37-38. He testified that, every payday for ten weeks, Harris spent money on crack cocaine. He testified that Harris was upset with him on the night of the incident because he would not find crack cocaine for her. Johnson indicated

that he did not place his hands on Harris. He testified that Harris had gone to the doctor two weeks before the incident for the bruising on her cheek and jaw. The trial court stated that it did not find Johnson's "story to be reasonable or credible" and found "it all to be completely fabricated." *Id*. at 55. It found Johnson guilty as charged and sentenced him to concurrent one-year terms for each of his convictions with credit for time served and the balance suspended to probation.

## *Discussion*

[6] The issue is whether the evidence is sufficient to support Johnson's conviction for strangulation as a level 6 felony.[1] When reviewing the sufficiency of the evidence to support a conviction, we must consider only the probative evidence and reasonable inferences supporting the verdict. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). We do not assess witness credibility or reweigh the evidence. *Id.* We consider conflicting evidence most favorably to the trial court's ruling. *Id.* We affirm the conviction unless no reasonable factfinder could find the elements of the crime proven beyond a reasonable doubt. *Id.* The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict. *Id*. at 147. The uncorroborated testimony of one witness can be sufficient to sustain a conviction. *Ferrell v. State*, 565 N.E.2d 1070, 1072-1073 (Ind. 1991).

---

[1] Johnson does not challenge his other convictions.

[7] Ind. Code § 35-42-2-9 provided in part at the time of the offense that a person who, in a rude, angry, or insolent manner, knowingly or intentionally "applies pressure to the throat or neck of another person" or "obstructs the nose or mouth of the another [sic] person . . . in a manner that impedes the normal breathing or the blood circulation of the other person" commits strangulation as a level 6 felony. (Subsequently amended by Pub. L. No. 252-2017, § 11 (eff. Jul. 1, 2017)). The State alleged that Johnson, in a rude, insolent or angry manner, did knowingly apply pressure to the throat or neck, or obstruct the nose or mouth, of Harris in a manner that impeded her normal breathing or blood circulation.

[8] Johnson asserts the evidence is insufficient to support his conviction for strangulation due to the incredibly dubious testimony provided by Harris. He argues Harris was the only person to testify as to the events giving rise to the charges and that the officer who obtained Harris's report testified that she did not mention urinating on herself, the cigar, or that Johnson had strangled her. He also argues that Harris's bruising could have been the result of her leukemia or treatment.

[9] The State maintains that Harris's testimony was corroborated by the existence of her injuries, it was internally consistent, and notes that the trial court found Johnson's testimony to be completely fabricated. The State further argues that it is irrelevant whether Harris mentioned at the earlie st opportunity that she had been strangled, that the officer who took the initial report from Harris testified that he transferred the case to a detective for further investigation, and

that the probable cause affidavit reveals that Harris told law enforcement about the chokehold and strangulation in a more detailed interview on April 3, 2017.

[10] "[W]hen appellate courts are confronted with conflicting evidence, they must consider it most favorably to the trial court's ruling," *Drane*, 867 N.E.2d at 146 (internal quotation marks omitted), and the uncorroborated testimony of one witness is sufficient to sustain a conviction. *Ferrell*, 565 N.E.2d at 1072-1073. To the extent Johnson asserts that the incredible dubiosity rule requires reversal of his conviction, we note that the rule applies only in very narrow circumstances. *See Love v. State*, 761 N.E.2d 806, 810 (Ind. 2002). The rule is expressed as follows:

> If a sole witness presents inherently improbable testimony and there is a complete lack of circumstantial evidence, a defendant's conviction may be reversed. This is appropriate only where the court has confronted inherently improbable testimony or coerced, equivocal, wholly uncorroborated testimony of incredible dubiosity. Application of this rule is rare and the standard to be applied is whether the testimony is so incredibly dubious or inherently improbable that no reasonable person could believe it.

*Id*.

[11] Johnson fails to show that Harris's testimony was inherently contradictory or so inherently improbable that no reasonable person could believe it. To the extent her testimony conflicted with Johnson's testimony, this is an issue of witness credibility. The court heard testimony from Harris and Johnson and admitted photographic evidence of Harris's injuries, and the witnesses were thoroughly examined and cross-examined. Harris testified that Johnson grabbed her,

placed his arm around her neck from behind her, and choked her. When asked if Johnson applied pressure, she testified "[s]o much pressure that it was hard to swallow, hard to breathe" and "I urinated all over myself because of the pressure and everything was going black." Transcript Volume 2 at 12. She testified that her neck hurt and it was difficult to swallow her own saliva. She testified that she was in remission for leukemia, she no longer received treatment at the time of the offense, and her injuries were caused by Johnson. We also note that, although the officer who took an initial report at the hospital indicated that Harris did not mention urinating, a cigar, or that Johnson had strangled her, the officer testified that after he files his report the case is assigned to a detective, and the probable cause affidavit indicated a detective interviewed Harris on April 3, 2017. At that time Harris reported that she had urinated on herself and that Johnson had placed her in a chokehold and choked her so hard that she was struggling to breathe. The trial court as the trier of fact was free to believe the testimony of Harris and disbelieve the testimony of Johnson. Further, the trier of fact was able to assess Harris's testimony in light of the testimony regarding her prior medical diagnosis and treatment and the photographic evidence. The trial court specifically found that Johnson's story was not reasonable or credible and found that his testimony was completely fabricated. Johnson does not show how the testimony against him was somehow internally inconsistent and has not shown Harris's testimony to be incredibly dubious.

Based upon the evidence most favorable to the trial court's ruling as set forth above and in the record, we conclude that the trial court as the trier of fact could find beyond a reasonable doubt that Johnson committed the offense of strangulation as a level 6 felony.

## Conclusion

For the foregoing reasons, we affirm Johnson's conviction.

Affirmed.

Baker, J., and Riley, J., concur.